LOUIS KLINGER, by ANNA KLINGER, his Guardian ad Litem, Appellant, *v.* HERMAN MARKOWITZ, Respondent.

*New trial granted where perjury has been committed.*

Where the defendant in an action, which was tried before a jury and resulted in a verdict for the plaintiff, submits the affidavits of twenty-seven witnesses showing conclusively that an apparently disinterested witness sworn on behalf of the plaintiff committed, with the knowledge of the plaintiff, willful perjury concerning a disputed question of fact, a new trial should be granted.

VAN BRUNT, P. J., and INGRAHAM, J., dissented.

APPEAL by the plaintiff, Louis Klinger, by Anna Klinger, his guardian ad litem, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of June, 1900, setting aside a verdict theretofore rendered in favor of the plaintiff, upon the ground that one of the plaintiff's witnesses committed perjury upon the trial, and ordering a new trial.

*Joseph Wilkenfeld*, for the appellant.

*Max Altmayer*, for the respondent.

O'BRIEN, J. :

For the reasons stated in the opinion of the court below, the order appealed from should be affirmed, with costs.

PATTERSON and HATCH, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

The following is the opinion of the court below:

MCADAM, J.:

The actions* were to recover for wrongful discharge under an alleged special contract for three months. The plaintiffs testified to the contract, and were corroborated by the witness Reiser. The defendant denied the contract alleged, and claimed that the employment was by the week only, and that the plaintiffs were fully paid up to the time of their discharge. The defendant then called Sigfried Levin and Morris Mongolus, who testified that they were in the defendant's employ, were present in the factory when the plaintiffs were employed, and that the hiring was by the week only. Whereupon Reiser took the stand and testified that he was in the defendant's employ at the time, and that neither Levin nor Mongolus was in the defendant's employ at the time, was not present at the employment, and could not have been present when the contract was concluded. As the contract was made at the defendant's factory, the question whether Levin and Mongolus were there employed by the defendant at the time was all important. The testimony of Reiser cast grave suspicion on the defense by making it appear that the defendant had produced witnesses as employees who were not in his employment, but were strangers to the transaction, produced by the defendant to testify falsely. The defendant now moves for a new trial on a case made, and has shown by twenty-seven witnesses that Levin and Mongolus were in his employ at the time stated by them, and that fact is now conclusively established beyond question or doubt. That Reiser committed perjury, willful and corrupt, there can be no doubt, for he positively swore to that which was absolutely false. If he did not know at the time that what he swore to was false, he certainly did not know that it was true, for it was untrue. In either case he committed perjury. (2 Whart. Cr. Law [7th ed.], §§ 2198, 2201.) "A man is even guilty of perjury if he swears to a particular fact, without knowing at the time whether it is true or false." (Id. § 2201, and cases cited.) "Perjury is an assertion, upon

---

* The case of *Bank* v. *Markowitz* (*post,* p. ——) was considered by the court below with this case of *Klinger* v. *Markowitz.*— [REP.

an oath duly administered in a judicial proceeding, before a competent court, of the truth of some matter of fact, material to the question depending in that proceeding, which assertion the asserter does not believe to be true when he makes it, or on which he knows himself to be ignorant." (18 Am. & Eng. Ency. of Law, 300.) That Reiser's testimony had great weight with the jury is evident, for he appeared in the role of a disinterested witness, from whom the truth was naturally to be expected. Upon a new trial his evidence will be entitled to no credence whatever, and it will be reasonably safe to assume that a different result may follow. The court in *Nugent* v. *Metropolitan Street R. Co.* (46 App. Div. 110) said : " The object of a trial is to do justice, and whenever it is made to appear that one of the parties to the litigation has by fraud, connivance, conspiracy or any other dishonest act prevented his adversary from having a fair trial, then the court never hesitates to use, the power which it possesses to rectify that wrong by vacating the judgment obtained and directing a new trial." The plaintiffs Reiser, Levin and Mongolus were all co-employees of the defendant, and the plaintiffs knew as well as Reiser that both Levin and Mongolus were such employees in the defendant's factory at the time the contract was made; yet they used Reiser's testimony to obtain a verdict knowing it to be willfully and corruptly false. What can be said in defense of verdicts procured in this criminal manner? The fact that the newly-discovered evidence is cumulative is not, of itself, a sufficient reason for denying a new trial. (*Hess* v. *Sloane*, 47 App. Div. 585.) Courts cannot sustain verdicts obtained by perjured evidence without encouraging perjury, the most dangerous of crimes. Perjury should be denounced whenever it appears, and driven, if possible, out of the sanctuary of justice. It follows that the verdicts must be set aside and new trials granted.

INGRAHAM, J. (dissenting):

The court below granted a new trial of this action upon the ground that one of the witnesses called by the plaintiff in rebuttal testified falsely. His testimony was contradicted by other witnesses upon the trial and the questions of fact were submitted to the jury. The court on a motion for a new trial, upon the affidavits of several persons which tended to show that the evidence of this witness called

by the plaintiff was false, granted a new trial. I know of no principle upon which such an order can be sustained. When the issues in such an action are tried by a jury their verdict should, I think, be final; and if they may be retried upon affidavit by the Special Term it seems to me that it would be better to have the case originally tried upon affidavits, rather than to go through the useless formality of submitting the question to a jury.

I think the order should be reversed.

VAN BRUNT, P. J., concurred.

Order affirmed, with costs.